FORM 26. Docketing Statement                                Form 26 (p. 1)
                                                            July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 2026-1214

**Short Case Caption:** Jones v. Collins

**Filing Party/Entity:** Richard J. Jones

> **Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| Jones v. Collins | 25-5014 | Veterans Benefits |

**Relief sought on appeal:** ☐ None/Not Applicable

Reversal or, in the alternative, vacatur of the decision of the U.S. Court of Appeals for Veterans Claims

**Relief awarded below (if damages, specify):** ☑ None/Not Applicable

**Briefly describe the judgment/order appealed from:**

The Court affirmed the single-judge's order, denying Petitioner's petition for extraordinary relief, in which Petitioner had sought an order to: 1) prevent the Secretary from destroying or disposing of records from his claims file in violation of 44 U.S.C. Chapter 33 and the Privacy Act and 2) reinstate a portion of an improperly disposed of ratings decision.

**Nature of judgment (select one):**          **Date of judgment:** 11/21/25

☐ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☑ Other (explain)                        38 U.S.C. § 7292

FORM 26. Docketing Statement                                Form 26 (p. 2)
                                                                July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued. ☑ None/Not Applicable

[ ]

Issues to be raised on appeal: ☐ None/Not Applicable

The Veterans Court erred in interpreting the Secretary's authority to destroy or dispose of veterans' records in accordance with the Privacy Act, Chapter 33 of Title 44 of the U.S.C, this Court's decision in Mil. Ord. of Purple Heart of USA v. Sec'y of Veterans Affs., 580 F.3d 1293 (Fed. Cir. 2009) and other various provisions of law.

Have there been discussions with other parties relating to settlement of this case?

☐ Yes    ☑ No

If "yes," when were the last such discussions?
- ☐ Before the case was filed below
- ☐ During the pendency of the case below
- ☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?    ☐ Yes    ☐ No

If they were mediated, by whom?

[ ]

Do you believe that this case may be amenable to mediation? ☐ Yes  ☑ No

Explain.

The principal issue in this case involves the Secretary's misunderstanding of his legal authority to destroy or dispose of records from the system of record-keeping utilized by the agency in a veterans' benefits matter. Relatedly, this case involves the Secretary's misunderstanding of his legal authority to destroy or dispose of a ratings decision favorable to a veteran from the system of record-keeping utilized by the agency in a veterans' benefits matter as opposed to issuing notice of the favorable decision to the veteran.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

N/A

Date: 12/9/25             Signature: /s/ Kent A. Eiler

                          Name:      Kent A. Eiler

Save for Filing